## SAWYER v. PINE OIL SALES CO. et al.
### No. 11593.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1946.

S. Paul Weiss, of New Orleans, La., for appellant.

Nicholas Masters, of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The plaintiff sued for personal injuries alleged to have been caused by dangerous, deleterious, and harmful ingredients in a cleansing agent put out by the defendant, some of which, when used by plaintiff in cleaning a sink, splashed into her eye and caused painful and permanent injury. She alleges that the agent is manufactured by the defendant, put up in bottles which are closed with metallic screw caps; that there are statements on the label reading as follows: "Will not injure the hands" —"It will not injure the skin, fabric, tile, marble or wood"—and "For general household cleaning"; that the manner in which she was putting the product to use, at the time of her injury, in cleaning the sink in her home was usual and customary; that the defendant knew, or must have known, that the product contained dangerous substances and ingredients which were intrinsically or potentially harmful, and that it knew, or must have known, that such product would, or could, inflict

and cause injury upon contact with the skin, membranes, or tissues of the body, which contacts the defendant should have anticipated would occur in course of the ordinary use of the product; that the defendant breached its express and implied warranty of safety and merchantability of its product and was likewise guilty of gross fault, negligence, and lack of skill, care, and caution in connection with the composition and preparation of such product and its distribution to consumers.

The lower Court dismissed the complaint and this appeal followed.

We think the action of the lower Court was correct.

The statements on the label do not amount to an *express* warranty against non-injury to the eye from the use of the cleansing agent, nor is there a warranty, implied or otherwise, that it was suitable for use in the eye, or that it would not hurt the eye if put therein; neither is there a warranty, implied or otherwise, that the article would not splash in one's eye if used in such a manner as to cause it to splash.

Ordinarily the failure to warn one of a fact of which he is already fully aware is not a breach of duty, and there is no contention made here that the plaintiff was not fully aware that the cleansing preparation was not intended for use in the eye, or that if it were sufficiently sloshed it would likely splash upon the person of the one who caused it to splash.

Certain it is that persons in the general use of benzene, household ammonia, lysol, naptha, and other similar agents, are aware of the fact that painful consequences will result if they are used in such manner as to allow them to get into the eye, but these potential consequences do not result in a discontinuance of their use nor in the conclusion that they are unfit for the use to which they are intended to be put.

The judgment of the lower Court is affirmed.