Nello MORROCCO and Employers Mutual Liability Insurance Co., of Wisconsin, Plaintiffs-Appellants,

v.

NORTHWEST ENGINEERING COMPANY, a Delaware Corporation, Defendant-Appellee.

No. 14938.

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1962.

Alvin L. Levine, Detroit, Mich., Levine & Zweig, Gary A. Taback, Detroit, Mich., on brief, for plaintiffs-appellants.

A. D. Ruegsegger, Detroit, Mich., Dyer, Meek, Ruegsegger & Bullard, Detroit, Mich., on brief, for defendant-appellee.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

This appeal is from a judgment entered in the District Court on a jury verdict for defendant in a personal injury action against the manufacturer of a pullshovel.

Plaintiff, Morrocco, was a construction worker employed by a sewer contractor. He was engaged in laying sections of concrete sewer pipe into an excavation which was made by the pullshovel. The pullshovel, which was commonly known as a "Northwest Back Hoe" had been purchased new by the contractor only three days prior to the accident. After acquiring the pullshovel the contractor installed a hook on the back of the dipper bucket to accommodate a steel sling to which was affixed a pipe hook. This attachment, connected to the pullshovel,

was used for lifting heavy articles such as sections of concrete pipe.

On October 24, 1956, Morrocco was in the excavation at the time when a section of pipe was being lowered therein by the pullshovel. The boom on the pullshovel came down sufficiently so that the pipe hit the edge of the excavation and dislodged the pipe hook with the result that the pipe rolled into the excavation hitting Morrocco and seriously injuring him.

It was the plaintiff's claim that the brake lining on the left-hand hoist brake of the pullshovel had become overheated and glazed causing the brake to slip, the boom to drop and the pipe to hit the side of the excavation.

The suit, which was filed nearly three years later, was the first notice the manufacturer had of the accident.

■ The principal ground relied upon for reversal was that the District Judge erred in not permitting plaintiff to amend his complaint so as to charge negligence in failing to instal a brake locking or safety device on the machine.

In a pre-trial order entered by the court on April 3, 1961 for the purpose of simplifying the issues in the case, which order was consented to by counsel for both parties, it was provided:

"1. That the issue of liability of the defendants herein is limited to the single question as to whether or not they or either of them were guilty of negligence in the selection, design, use, installation, inspection and/or testing of the type and kind of brake lining which was installed on the left hand hoist brake of the Model 6 Back Hoe involved in this case."

In view of the pre-trial order a locking or safety device was not an issue in the case. Rule 16, Federal Rules of Civil Procedure.

The case has been pending since June 19, 1959. At the first pre-trial conference which was held October 24, 1960 counsel for plaintiff then indicated that he desired to amend the complaint so as to allege negligence in failing to equip the machine with a locking or safety device. Counsel for defendant stated that he would object thereto on the ground that the amendment would constitute a new cause of action which was barred by the statute of limitations. The court, nevertheless, granted plaintiff until November 21 to file any amendment to his complaint. No such amendment was filed. The order later entered on April 3, 1961 was in response to a motion of defendant to delineate the issues of liability, and counsel for both parties participated in the choice of the language contained therein.

Plaintiff's motion to amend his complaint involved changing the pre-trial order of April 3, 1961. The motion was addressed to the sound discretion of the court. Taking into account all of the factors involved, we are unable to conclude that the District Judge abused his discretion in not changing the pre-trial order and relieving the plaintiff of his stipulation. There was no manifest injustice to plaintiff, particularly, since the court had previously on October 24, 1960 granted him leave to amend, but plaintiff did not avail himself of that opportunity to make the desired change in his pleading although he had given it consideration.

■ Error is charged in the failure of the District Court to charge the jury that the manufacturer owed a duty to warn the user of the pullshovel of the tendency of the brake to slip until it was broken in. The court did not charge the jury on this subject since the uncontradicted evidence showed that the user already had such knowledge. There was no duty to warn when the user has actual knowledge of the alleged danger. Comstock v. General Motors Corp., 358 Mich. 163, 181, 99 N.W.2d 627, 78 A.L.R.2d 449; Gerkin v. Brown & Sehler Co., 177 Mich. 45, 60, 143 N.W. 48, 48 L.R.A.,N.S., 224; Jamieson v. Woodward & Lothrop, 101 U.S. App.D.C. 32, 247 F.2d 23; Sawyer v. Pine Oil Sales Co., 155 F.2d 855 (C.A.5).

We find no prejudicial error in the admission of evidence.

The judgment in the District Court is affirmed.